# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>  Defendants.<br>_____/ | CASE NO.   1:10-cv-2300-MJS (PC)<br><br>ORDER DENYING MOTION FOR ELIGIBILITY<br><br>(ECF No. 10) |

Plaintiff Matthew Alan Lawrie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is a letter from Plaintiff asking the Court "for eligibility research to see if this case fits the criteria for the 'Civil Rights Attorney Fees Award Act'?  42 U.S.C. § 1988."  (ECF No. 10.)

To the extent that Plaintiff is seeking an advisory opinion from the Court as to whether he might be entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988, such request is DENIED.  The Court cannot offer Plaintiff advice as to whether any particular statute might apply to his case.

In stating in his Motion that "the complexity of the issues are such that only a professional can be competent on important matters such as prison rape and cruel and

unusual punishment", Plaintiff may have intended to ask the Court to appoint counsel for him. To the extent he is asking if he is entitled to court-appointed counsel in this case, the answer is no. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Plaintiff is free to hire counsel to represent him, but the Court cannot require that counsel be appointed for him. Moreover, while 42 U.S.C. § 1988 might allow recovery of attorneys' fees if he is successful in prosecuting this action, nothing therein entitles him to court-appointed counsel for the prosecution of this action.

IT IS SO ORDERED.

Dated:   March 30, 2011                     /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE