UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE, | 1:10-cv-02300-GSA-PC |
|     Plaintiff, | ORDER DENYING MOTION FOR RECUSAL OF MAGISTRATE JUDGE GARY S. AUSTIN |
| v. | |
| KATHLEEN ALLISON, et al., | (Doc. 17.) |
|     Defendants. | |

**I.  BACKGROUND**

Matthew Alan Lawrie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On September 7, 2011, Chief Judge Anthony W. Ishii issued an order reassigning this case from Magistrate Judge Michael J. Seng to Magistrate Judge Gary S. Austin.  (Doc. 16.)  On September 16, 2011, Plaintiff filed a motion for Magistrate Judge Gary S. Austin to recuse himself from this action.  (Doc. 17.)

**II.  MOTION FOR RECUSAL**

Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further...." Pesness v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).  Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Id.  Under both recusal statutes, the substantive standard is " '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' "  Id. (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997)). Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a

1  timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias
2  or prejudice either against him or in favor of any adverse party, such judge shall proceed no further
3  therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.
4        Plaintiff objects to the reassignment of Magistrate Judge Gary S. Austin to this action, to the
5  extent that the Magistrate Judge is related to, or familiar with, persons or entities connected to
6  another court action being litigated by Plaintiff.  Plaintiff asserts that he is party to a civil action in
7  San Diego involving Chuck Beale, a Funny Cars franchise drag racer.  Plaintiff proceeds in this other
8  court action with complaints of fraud against the Alan F. Lawrie trust.  Plaintiff questions whether
9  Magistrate Judge Gary S. Austin is related to, or familiar with, Pat Austin and the Austin family of
10 Seattle, Washington, who own a Funny Cars franchise, race funny cars, and are sponsored by parties
11 at the Lawrie Company, Inc., in San Diego, via Chuck Beale.  Plaintiff informs the Court that "Pat
12 Austin and the other brother and the father are part of a team of drag racers that toured the states with
13 my father and myself on the NHRA tour."
14       Magistrate Judge Gary S. Austin is not familiar with, and has no knowledge of, any
15 connection to Pat Austin, the Austin family of Seattle, Washington, the Funny Cars franchise, Chuck
16 Beale, the Lawrie Company, the Alan F. Lawrie trust, or the court action in San Diego described by
17 Plaintiff.  Thus, Magistrate Judge Gary S. Austin harbors no bias or prejudice against Plaintiff or in
18 favor of any adverse party arising from familiarity with, knowledge of, or any known relation to
19 Plaintiff's other court case or any of the persons or entities named by Plaintiff.  Therefore, Plaintiff's
20 motion for the recusal of Magistrate Judge Gary S. Austin from this action shall be denied.
21 **III.   CONCLUSION**
22       Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the recusal
23 of Magistrate Judge Gary S. Austin, filed on September 16, 2011, is DENIED.
24
25       IT IS SO ORDERED.
26     **Dated:    September 20, 2011**        **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE
27
28