# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE, | CASE NO. 1:10-cv-02300 GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT |
| v. | |
| KATHLEEN ALLISON, et al., | |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

///

## II. Plaintiff's Claims

The events at issue in this action occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, where Plaintiff is currently housed. Plaintiff names as defendants SATF Warden Kathleen Allison and Governor Brown.

Plaintiff alleges that On October 31, 2010, he was forced to move into a cell with a known sexually violent inmate. Between October 31, 2010, and November 3, 2010, Plaintiff was physically and sexually assaulted by his cellmate. Plaintiff seeks compensatory and punitive damages, as well as placement on single cell status.

### A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. 1983, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 207-8 (2007); McKinney v. Carey, 311 F.3d 1198, 199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also knows as the "Director's Level." Id. at 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 86 (2006);

2

1 McKinney, 311 F.3d at 1199-2001. "[E]xhaustion is mandatory under the PLRA and . . .
2 unexhausted claims cannot be brought in court." Jones, 549 U.S.  208 (citing Porter, 435 U.S. at
3 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal
4 standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth,
5 532 U.S. at 739 n.5).   A prisoner's concession to nonexhaustion is a valid ground for dismissal of
6 an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney,311 F.3d at 1201.
7 Because Plaintiff's complaint contains a concession to non-exhaustion of available administrative
8 remedies, this action should be dismissed without prejudice to the filing of a new civil rights action
9 after Plaintiff has exhausted available administrative remedies.

10 Plaintiff contends that he did not exhaust his administrative remedies because of the
11 emergency nature of his complaint.  There is an appeals process for emergency appeals, defined as
12 circumstances such that " the regular appeal time limits would subject the inmate or parolee to a
13 substantial risk of personal injury or cause other serious and irreparable harm." Cal. Code Regs., tit.
14 15 § 3084.9(a)(1).   Courts do not have discretion under § 1997e(a) to excuse exhaustion when it
15 would not be appropriate and in the interests of justice. Booth, 732 U.S. at 741, n5.  Nor should they
16 read "futility or other exceptions into § 1997e(a). Id. n6.

17 **III.    Conclusion and Order**

18 Because there is an appeals process for prisoners to utilize and because it is clear from the
19 face of Plaintiff's complaint that he did not initiate and complete the process prior to filing suit, this
20 action must be dismissed.  42 U.S.C. § 1997e(a).   Further, Plaintiff has conceded that he failed to
21 exhaust his available administrative remedies prior to filing suit.   The Court finds that this defect
22 can not be cured by amendment.  Accordingly, it is HEREBY ORDERED that Plaintiff shall, within
23 thirty days of the date of service of this order, show cause why this action should not be dismissed
24 for his failure to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a).
25 Should Plaintiff fail to file a response, this action will be dismissed without prejudice to the filing
26 of a new complaint after Plaintiff has exhausted his available administrative remedies.
27
28

IT IS SO ORDERED.

**Dated:   September 26, 2011**                     **/s/ Gary S. Austin**
                                                                                   UNITED STATES MAGISTRATE JUDGE