# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-02300 GSA PC<br><br>ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**I.     Plaintiff's Claims**

The events at issue in this action occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, where Plaintiff is currently housed. Plaintiff alleges that On October 31, 2010, he was forced to move into a cell with a known sexually violent inmate. Between October 31, 2010, and November 3, 2010, Plaintiff was physically and sexually assaulted by his cellmate. Plaintiff seeks compensatory and punitive damages, as well as placement on single cell status.

    **A.     Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. 1983, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 207-8 (2007); McKinney v. Carey, 311 F.3d 1198, 199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the

prisoner and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also knows as the "Director's Level." Id. at 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 86 (2006); McKinney, 311 F.3d at 1199-2001. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. 208 (citing Porter, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney, 311 F.3d at 1201. Because Plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies, this action should be dismissed without prejudice to the filing of a new civil rights action after Plaintiff has exhausted available administrative remedies.

Plaintiff contends that he did not exhaust his administrative remedies because of the emergency nature of his complaint. There is an appeals process for emergency appeals, defined as circumstances such that " the regular appeal time limits would subject the inmate or parolee to a substantial risk of personal injury or cause other serious and irreparable harm." Cal. Code Regs., tit. 15 § 3084.9(a)(1). Courts do not have discretion under § 1997e(a) to excuse exhaustion when it would not be appropriate and in the interests of justice. Booth, 732 U.S. at 741, n5. Nor should they

read "futility or other exceptions into § 1997e(a). Id. n6.

Accordingly, on September 27, 2011, an order to show cause was entered, directing Plaintiff to show cause why this action should not be dismissed for his failure to exhaust his available administrative remedies prior to filing suit. On September 30, 2011, Plaintiff filed a response to the order to show cause. In his response, Plaintiff indicates that he is in the process of completing his inmate grievance process, and seeks a stay of this action pending completion of the process.

Attached as an exhibit to Plaintiff's response is a copy of an Inmate Appeal Assignment Notice, dated September 19, 2011. This notice indicates that Plaintiff's appeal has been assigned to staff for a second level response. Plaintiff's exhibit indicates that he is in the process of completing his inmate grievance, and Plaintiff concedes he did not exhaust his appeal at the time this suit was filed. The Court of Appeals has held that District Courts are required under PLRA to dismiss actions without prejudice where a prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). This action will therefore be dismissed without prejudice to re-filing after Plaintiff has exhausted his available administrative remedies.

### III.     Conclusion and Order

Because there is an appeals process for prisoners to utilize and because it is clear from the face of Plaintiff's complaint that he did not initiate and complete the process prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a). Further, Plaintiff has conceded that he failed to exhaust his available administrative remedies prior to filing suit. Accordingly, it is HEREBY ORDERED that this action is dismissed, without prejudice, for failure to exhaust available administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a). The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   October 5, 2011              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE