1
2
3
4
5
6
7
8                                   UNITED STATES DISTRICT COURT

9                                   EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW ALAN LAWRIE,                 )        1:10-cv-02300-GSA-PC
                                          )
12            Plaintiff,                   )        ORDER DENYING MOTION    FOR
                                          )        RECONSIDERATION
13        vs.                              )
                                          )        (Doc. 23.)
14   KATHLEEN ALLISON, et al.,             )
                                          )
15                                         )
              Defendants.                  )
16   _____)

17   **I.     BACKGROUND**

18            Matthew Alan Lawrie ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action

19   pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 29, 2010. (Doc. 1.) On December

20   20, 2010, Plaintiff consented to Magistrate jurisdiction. (Doc. 8.)  The case was dismissed on October

21   5, 2011, for Plaintiff's failure to exhaust administrative remedies before filing suit.  (Doc. 21.)  On

22   January 13, 2012, Plaintiff filed a motion for reconsideration of the Court's order dismissing this action.

23   (Doc. 23.)

24   **II.    MOTION FOR RECONSIDERATION**

25            Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.

26   Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

27   utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th

28                                                      1

Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff requests reconsideration of the Court's order dismissing this action.  Plaintiff requests that the case be reopened because he has now exhausted his administrative remedies.  Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.  Plaintiff is advised that the Court dismissed this action without prejudice.  Therefore, Plaintiff is not precluded from re-filing this action as a new case.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on January 13, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **January 18, 2012**                          **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE